0371

David L. TILLMAN and Earlean Tillman, Respondents, v. SOUTH STATE INSURANCE COMPANY, Appellant.

(325 S. E. (2d) 585)

Court of Appeals

*John L. Weaver* of *Nelson & Weaver*, Florence, *for appellant.*

*W. Kenneth Eaton, Jr.*, Florence, *for respondents.*

Heard Dec. 11, 1984.

Decided Jan. 21, 1985.

SHAW, Judge:

This is an appeal from a circuit court order awarding respondents David and Earlean Tillman $6,581.38 under a homeowner insurance policy of appellant South State Insurance Company. We affirm.

South State insured a home owned by the Tillmans. The home was vacated for over thirty days when it was destroyed by fire which was presumably deliberately set by "unknown person or persons." The policy reads:

Section 1. Perils Insured Against
1. Fire or lightning.

8. Vandalism or malicious mischief.
This peril does not include loss to property on the residence premises if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant.

South State argues the loss was due to vandalism or malicious mischief and is excluded. The Tillmans argue the fire coverage is not limited by the occupancy requirement.

Insurance policies are construed by the plain ordinary meaning of the words. *Deese v. American Bankers Life Assurance Co.,* 263 S. C. 160, 208 S. E. (2d) 736 at 737 (1974).

If the drafters of the policy intended to exclude a fire loss to a dwelling vacant for over thirty days, it could have easily done so with language similar to paragraph 8.

Affirmed.

SANDERS, C. J., and BELL, J., concur.