■ MICHAEL HARDIAL, Respondent, v CITY OF NEW YORK, Appellant. [600 NYS2d 15] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), rendered August 16, 1991, upon a jury verdict in favor of plaintiff, awarding $1.6 million, as reduced by the court and stipulated to by plaintiff, plus interest, costs and disbursements, unanimously modified, on the law, the facts, and in the exercise of discretion, without costs and disbursements, and a new trial ordered solely on the issue of damages, unless plaintiff, within 20 days after service upon his attorney of a copy of this order, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the amount of the judgment in his favor, exclusive of interest, costs and disbursements, to $1.2 million and to entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements.

Order, same court and Justice, entered on or about November 16, 1992, denying plaintiff's motion to enlarge the record to include various posttrial medical reports and affidavits, unanimously affirmed.

Plaintiff had been employed by the City's Correction Department Harbor Unit for several years before sustaining an injury to his hip which aggravated a preexisting non-disabling medical condition, which occurred while he was on board a City vessel. The action, brought pursuant to the Jones Act (46 USC Appendix § 688) and general maritime law, went to trial solely for a determination of damages after the City's answer had been stricken because of its repeated failure to comply with discovery orders. At the conclusion of trial, the jury returned a verdict in plaintiff's favor totalling $3.4 million, which the court reduced to $1.6 million pursuant to the City's posttrial motion, *inter alia,* to set aside the verdict as excessive.

Contrary to the City's contention, numerous court rulings and instructions during the course of trial did not deprive it of a fair trial. A review of the court's charge, as a whole, fails to support the City's contention that the court improperly marshalled the evidence with respect to its medical witness's testimony. Moreover, the City's argument on appeal that it was improperly barred from showing that plaintiff's retirement was due to a 1990 assault by a prisoner is inconsistent with its successful motion at trial to strike any testimony concerning the 1990 incident (see, Karasik v Bird, 104 AD2d 758, 758-759).

The award, even as reduced by the posttrial order, deviates materially from what would be reasonable compensation (CPLR 5501 [c]), in these circumstances, to the extent indicated.

The court properly declined to enlarge the record to include several posttrial medical records and affidavits pertaining to plaintiff's medical conditions since this Court had previously denied plaintiff's request to enlarge the record on appeal from the judgment as such material was not before the trier of fact.

We have considered the remaining arguments and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Kupferman, Kassal and Nardelli, JJ.