■ FRED A. TOZZI et al., Plaintiffs, v LONG ISLAND RAILROAD COMPANY, Defendant. L & L PAINTING CO., INC., Sued Herein as L & L PAINTING, Fourth-Party Defendant-Respondent; COMMERCE AND INDUSTRY INSURANCE COMPANY, Fourth-Party Defendant-Appellant. (And a Third-Party Action.) [668 NYS2d 102] —In an action to recover damages for personal injuries, etc., the fourth-party defendant, Commerce and Industry Insurance Company, appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Nassau County (Segal, J.), entered November 7, 1996, as (a) granted the fourth-party plaintiff's motion for summary judgment, declaring that it was obligated to defend and indemnify the fourth-party plaintiff in the underlying action and (b) denied its cross motion for summary judgment dismissing the fourth-party complaint, and (2) an order of the same court, entered December 18, 1996, which granted the fourth-party plaintiff's motion to enlarge the record.

Ordered that the order entered November 7, 1996, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 18, 1996, is reversed, on the law, without costs or disbursements, and the fourth-party plaintiff's motion is denied.

Since the evidence which the fourth-party plaintiff sought to have included in the record was not before the Supreme Court when it rendered its decision, and since such evidence is controverted, the court erred in granting the fourth-party plaintiff's motion to enlarge the record (*see,* CPLR 5526; *Bravo v Terstiege,* 196 AD2d 473, 476; *cf., Hardial v City of New York,* 195 AD2d 295, 296).

When an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). If the exclusion clause is ambiguous, then the insurer has the burden to demonstrate that it applies in a particular case and that it is subject to no other reasonable interpretation (*see, Seaboard Sur. Co. v Gillette Co., supra,* at 311). Here, the policy is ambiguous as to whether coverage for the plaintiff's claims has been excluded, and the appellant has not met its burden of demonstrating otherwise. Accordingly, the Supreme Court properly found that the appellant is obligated to defend and indemnify the fourth-party plaintiff.

In light of this determination, the parties' remaining contentions need not be addressed. Joy, J. P., Krausman, Florio and McGinity, JJ., concur.