■ CHARLES GAETAN et al., Respondents, v FIREMEN's INSURANCE COMPANY OF NEWARK et al., Appellants. [695 NYS2d

608] —In an action for a judgment declaring the parties' rights under an insurance policy, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated August 11, 1998, which denied their motion for summary judgment declaring that the policy limits for a claim filed by Victor Gaetan were $25,000 and granted the plaintiffs' cross motion for summary judgment declaring that the policy limits for Victor Gaetan's claim were $300,000, and (2) a judgment of the same court, dated November 19, 1998, which declared that the policy limits for Victor Gaetan's claim were $300,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs, Charles Gaetan and Diana Gaetan, his wife, obtained an insurance policy from the defendants in 1996 to insure their pleasure boat. The insurance policy provided general boating liability insurance, *inter alia,* to cover bodily injury, with limits of $300,000 for each accident. There was, however, an exclusion which limited recovery to $25,000 per accident on claims made against the insured by "any family member(s)". Notably, in the general definitions section of the insurance policy, "insured" was defined to include "a member of the insured's immediate family (including spouses and children)". "Family member" was not defined within the policy.

In August 1996 Victor Gaetan, the father of Charles, was seriously injured while on board the plaintiffs' boat, allegedly as a result of Charles' negligence. He made a claim under the subject insurance policy. However, the insurer claimed that Victor was included in the term any family member and therefore his recovery was limited to $25,000.

In their motion for summary judgment, the defendants argued that the term any family member was broad enough to include Victor as the father/father-in-law of the insureds. In their cross motion for summary judgment for a declaration that the general liability limit of $300,000 was applicable to the accident, the plaintiffs argued that the term was ambiguous, and, therefore, must be construed narrowly in their favor.

Generally, when an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). Such exclusions or exceptions from policy coverage must be specific and clear in order to be enforceable, and they are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction. Thus, the insurance company bears the burden of establishing that the exclusions apply in a particular case and that they are subject to no other reasonable interpretation (see, Seaboard Sur. Co. v Gillette Co., supra, at 311). Where the policy is ambiguous, and no extrinsic evidence is offered from which it may be concluded that the policy should be interpreted in favor of the insurer, the policy must be narrowly interpreted in favor of the insured (see generally, Tri Town Antlers Found. v Fireman's Fund Ins. Co., 76 NY2d, 841, 842; Hartford Acc. & Indem. Co. v Wesolowski, 33 NY2d 169, 172). In the present case, the defendants failed to sustain their burden of proving that the term any family member is not subject to more than one reasonable interpretation (cf., Washburn v CNA Fin. Corp., Sup Ct, Erie County, Apr. 9, 1997, Mintz, J., Index No. 08442/ 95). Therefore, the Supreme Court properly determined that the insurance policy provision limiting coverage to $25,000 was inapplicable.

The defendants' remaining contention is without merit. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.