■ MDW Enterprises, Inc., Appellant, v CNA Insurance Company et al., Respondents. [772 NYS2d 79]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered November 6, 2002, which, upon an order of the same court dated June 20, 2002, denying its motion for summary judgment and granting the defendants' cross motion for summary judgment, dismissed the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the cross motion which was to dismiss the first cause of action is denied, that branch of the motion which was for summary judgment on the issue of liability on the first cause of action is granted, the order dated June 20, 2002, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the issue of damages.

The plaintiff MDW Enterprises, Inc. (hereinafter MDW), owned a piece of commercial property at 20 Mooney Pond Road in Selden. MDW purchased an all-risk commercial insurance policy for the property from the defendant CNA Insurance Company (hereinafter CNA) through its broker, the defendant A.C. Edwards. The coverage was to be provided by Valley Forge Insurance Company (hereinafter Valley Forge). The last commercial tenant vacated the premises in December 1998. MDW did not secure another tenant because it had contracted to sell the building and land to a third party. The president of MDW, Michael Tenzyk, contacted its broker and spoke to an unknown account representative, informing him that the building was vacant and that a sale was pending. Tenzyk inquired as to coverage, but was advised to keep with the same coverage. MDW's policy was subsequently renewed. On March 23, 2000, the buildings were destroyed by a fire. Upon investigation, it was determined that the fire was intentionally set by unknown persons. On April 3, 2000, MDW submitted a claim of loss. On May 11, 2000, CNA disclaimed coverage on the ground that the damage was caused by vandalism; hence, coverage was excluded under the vacancy provision of the policy, which provided that if the building where the loss or damage occurs has been vacant for more than 60 days before the occurrence, coverage will be

denied if the loss or damage is caused by any of the following: "(a) Vandalism; (b) Sprinkler leakage . . .; (c) Building glass breakage; (d) Water damage; (e) Theft; or (f) Attempted theft."

The central issue raised in this appeal is the meaning of the term "vandalism" in the subject insurance policy, in particular, whether the term "vandalism" includes "arson." It is undisputed by the parties that the premises were vacant at the time of the occurrence and that the buildings were destroyed by arson. The plaintiff contends that the term "vandalism" as used in the policy is ambiguous, and as such, is to be construed in its favor as the insured. The defendants, on the other hand, contend that plain and ordinary meaning of the terms "vandalism" and "arson" requires that "vandalism" be interpreted to include "arson." Webster's New World Dictionary (3d ed 1978) defines "vandalism" as the "malicious or ignorant destruction of public or private property," and defines "arson" as "the crime of purposely setting fire to another's building or property." The Supreme Court, relying on the dictionary meaning of the disputed terms, concluded that "vandalism" includes "arson"; hence, coverage was properly denied by the defendants. We disagree.

In construing an insurance contract, the tests to be applied are "common speech" and "the reasonable expectation and purpose of the ordinary businessman" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398 [1983]). "Generally, when an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language" (*Gaetan v Firemen's Ins. Co. of Newark,* 264 AD2d 806, 808 [1999]; *see Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311 [1984]). "Such exclusions or exceptions from policy coverage must be specific and clear in order to be enforceable, and they are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Gaetan v Firemen's Ins. Co. of Newark, supra* at 808; *see Seaboard Sur. Co. v Gillette Co., supra; Belt Painting Corp. v TIG Ins. Co.,* 293 AD2d 206, 208 [2002], *affd* 100 NY2d 377 [2003]). The insurance company bears the burden of establishing that the exclusions apply in a particular case and they are subject to no other reasonable interpretation (*see Gaetan v Firemen's Ins. Co. of Newark, supra; see Seaboard Sur. Co. v Gillette Co., supra*).

Where the policy is ambiguous, the policy must be narrowly interpreted in favor of the insured (*see Gaetan v Firemen's Ins. Co. of Newark, supra*). The test for ambiguity is whether the language in the insurance contract is "susceptible of two rea-

sonable interpretations" (*State of New York v Home Indem. Co.,* 66 NY2d 669, 671 [1985]). In interpreting an insurance policy, the policy should be read as a whole (*see Tozzi v Long Is. R.R.,* 170 Misc 2d 606 [1996], *affd* 247 AD2d 466 [1998]).

Reading the subject policy as a whole, we conclude that the term "vandalism" in this policy is ambiguous, and thus, must be construed in favor of the insured (*see United Capital Corp. v Travelers Indem. Co. of Ill.,* 237 F Supp 2d 270 [2002]; *Nationwide Mut. Fire Ins. Co. v Nationwide Furniture,* 932 F Supp 655 [1996]; *Dixon v Safeco Ins. Co. of Am.,* 113 Wash App 1030 [2002]; *Tillman v South State Ins. Co.,* 284 SC 273, 325 SE2d 585 [1985]; *cf. American Mut. Fire Ins. Co. v Durrence,* 872 F2d 378 [1989]; *Estes v St. Paul Fire & Mar. Ins. Co.,* 45 F Supp 2d 1227 [1999]; *Potomac Ins. Co. of Ill. v NCUA,* 1996 WL 396100, 1996 US Dist Lexis 9844 [ND Ill, July 11, 1996]; *Brinker v Guiffrida,* 629 F Supp 130 [1985]). The term "vandalism" is nowhere defined in the policy. The nature or scale of the damage of the other bases for exclusion listed with "vandalism" are rather minor, which would be more consistent with an interpretation of "vandalism" that focused on its petty nature. Neither "fire" nor "arson" are explicitly listed as bases for exclusion under the vacancy provision, yet, elsewhere in the policy "fire," "vandalism," and "arson" are listed separately (e.g., "Specified Causes of Loss," "Property in Transit," and "Reward Payments") which suggests they are different and distinct from one another, at least for some purposes, if not all. A clarification endorsement issued by CNA with regards to a vacancy exclusion (which CNA claims did not apply to the plaintiff's policy) is, in and of itself, indicative of some ambiguity; otherwise, there would have been no need for CNA to issue such a "clarification" in the first place.

The Supreme Court's interpretation, which focused solely on the dictionary meanings of these words, was overly narrow and ignored the policy as whole. The Supreme Court's interpretation also overlooked the fact that ordinary businesspeople generally view "vandalism" and "arson" as distinct perils (*see Nationwide Mut. Fire Ins. Co. v Nationwide Furniture, supra*). If CNA and Valley Forge wanted to exclude coverage for arson they should have said so clearly, and could easily have done so, just as they listed theft and attempted theft separately (*see Seaboard Sur. Co. v Gillette Co., supra; Gaetan v Firemen's Ins. Co. of Newark, supra*). The defendants failed to sustain their burden of proving that the term "vandalism" is not subject to more than one reasonable interpretation (*see Seaboard Sur. Co. v Gillette Co., supra; Gaetan v Firemen's Ins. Co. of Newark,*

*supra).* Accordingly, summary judgment should have been granted to MDW on the issue of liability on the first cause of action.

The Supreme Court properly dismissed MDW's second and third causes of action against the broker. The record does not show that MDW at any time prior to renewal of the policy made a specific request for additional coverage *(see Murphy v Kuhn,* 90 NY2d 266, 270 [1997]; *Empire Indus. Corp. v Insurance Cos. of N. Am.,* 226 AD2d 580 [1996]; *Chaim v Benedict,* 216 AD2d 347 [1995]). Altman, J.P., Krausman, Adams and Townes, JJ., concur.