■ WAI KUN LEE, Respondent, v OTSEGO MUTUAL FIRE INSURANCE Co., Appellant. [854 NYS2d 211]—

The plaintiff owns a two-family residence (hereinafter the premises) in Brooklyn. After a two-week vacation in January 2005 the plaintiff returned to find that his tenant, who had been notified that eviction proceedings were going to be commenced against him, and with whom the plaintiff had an acrimonious and contentious relationship, had moved out. The thermostat in the premises had also been turned down to its lowest setting, essentially shutting off the heat, causing a pipe in the attic to burst, and resulting in extensive water damage to the premises.

The plaintiff filed a claim under a casualty insurance policy issued by the defendant, Otsego Mutual Fire Insurance Co. (hereinafter Otsego). Otsego denied the claim on the ground that the policy did not cover loss due to a frozen pipe or the accidental discharge of water. The plaintiff then commenced this action alleging, inter alia, that his loss was the result of vandalism, a peril covered under the policy and that, therefore, Otsego had breached the contract of insurance by denying the claim. Otsego moved for summary judgment dismissing the complaint in its entirety. The Supreme Court denied that branch of Otsego's motion which was for summary judgment dismissing the first cause of action seeking to recover damages for breach of contract. Otsego appeals and we affirm insofar as appealed from.

To prevail on its motion for summary judgment dismissing the complaint, Otsego was required to establish its entitlement to judgment as a matter of law by demonstrating that the

plaintiff's loss was not the result of vandalism, one of the insured perils. When construing an insurance contract, "the tests to be applied are 'common speech' and 'the reasonable expectation and purpose of the ordinary businessman' " (*MDW Enters. v CNA Ins. Co.,* 4 AD3d 338, 340 [2004], quoting *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398 [1983]). The common meaning of the term "vandalism" is the "malicious or ignorant destruction of public or private property" (Webster's New World Dictionary [2d ed 1978]). Otsego's submissions do not establish that the plaintiff's loss resulted from a cause other than vandalism. Moreover, even if the term "vandalism" were "susceptible of two reasonable interpretations" (*State of New York v Home Indem. Co.,* 66 NY2d 669, 671 [1985]), and therefore was ambiguous, it must be construed in favor of the insured (*see Gaetan v Firemen's Ins. Co. of Newark,* 264 AD2d 806, 808 [1999]). Accordingly, the Supreme Court properly denied that branch of Otsego's motion which was for summary judgment dismissing the first cause of action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.