■ RICHARD LOBELL et al., Appellants, v GRAPHIC ARTS MU-
TUAL INSURANCE COMPANY, Respondent. [921 NYS2d 306]—

In an action to recover damages for breach of contract and for a judgment declaring that a loss to the plaintiffs' property is covered under a certain insurance policy issued by the defendant, the plaintiffs appeal (1), as limited by a letter dated March 11, 2011, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered December 28, 2009, as granted those branches of the defendant's motion which were, in effect, for summary judgment declaring that the loss to the plaintiffs' personal property is not covered under the subject insurance policy and dismissing the second cause of action in the amended complaint, and denied those branches of their cross motion which were for summary judgment, in effect, declaring that the loss to their personal property is covered under the insurance policy, and for summary judgment on the issue of liability on the second cause of action, and (2), as limited by their brief and the letter dated March 11, 2011, from so much of an order of the same court entered April 1, 2010, as amended May 20, 2010, as, upon reargument, adhered to so much of the original determination as granted those branches of the defendant's motion which were, in effect, for summary judgment declaring that the loss to the plaintiffs' personal property is not covered under the subject insurance policy and dismissing the second cause of action in the amended complaint, and denied those branches of their cross motion which were for summary judgment, in effect, declaring that the loss to their personal property is covered under the insurance policy, and for summary judgment on the issue of liability on the second cause of action.

Ordered that the appeal from the order entered December 28, 2009, is dismissed, as that order was superseded by the order entered April 1, 2010, as amended by the order dated May 20, 2010, made upon reargument; and it is further,

Ordered that the order entered April 1, 2010, as amended May 20, 2010, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for

the entry of a judgment declaring that the loss to the plaintiffs' personal property is not covered under the subject insurance policy and dismissing the second cause of action; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiffs alleged that their home and its contents were damaged as a result of a rainstorm. They filed a claim under a homeowners insurance policy issued by the defendant, Graphic Arts Mutual Insurance Company (hereinafter Graphic Arts). Graphic Arts informed the plaintiffs that the damage to their home was covered under the policy. However, it disclaimed coverage for the damage to the plaintiffs' personal property contained in the home. The plaintiffs were renovating their home and were adding a second floor. As part of the work, openings were made in the first floor roof for the addition of a stairway. In light of an imminent rainstorm, tarps were placed over the openings. Graphic Arts disclaimed coverage for the damages to the plaintiffs' personal property on the ground that the tarps were not a "roof" for the purposes of the "windstorm or hail" provision of the policy.

The plaintiffs commenced this action alleging, inter alia, in their second cause of action that Graphic Arts breached the contract of insurance by failing to compensate them for the damage to the contents of their home. They sought, among other things, damages for Graphic Arts' alleged breach of contract and a judgment declaring that their loss was covered under the policy. Subsequently, Graphic Arts moved, inter alia, for summary judgment, in effect, declaring that the loss to the plaintiffs' property was not covered under the policy and dismissing the second cause of action in the amended complaint to recover damages for breach of contract. The plaintiffs cross-moved, among other things, for summary judgment, in effect, declaring that the loss to their property was covered under the policy and for summary judgment on the issue of liability on the causes of action to recover damages for breach of contract. In an order entered December 28, 2009, the Supreme Court, inter alia, granted those branches of Graphic Arts' motion which were for summary judgment and denied those branches of the plaintiffs' cross motion. The plaintiffs then moved for leave to reargue both their opposition to Graphic Arts' motion, as well as their cross motion. In an order entered April 1, 2010, as amended by an order dated May 20, 2010, the Supreme Court granted the plaintiffs' motion for leave to reargue, and, upon reargument, adhered to the original determination.

Upon reargument, the Supreme Court properly adhered to

that portion of its original determination which granted those branches of Graphic Arts' motion which were, in effect, for summary judgment declaring that the contents of the plaintiffs' home were not covered under the insurance policy and dismissing the second cause of action in the amended complaint, and denied those branches of the plaintiffs' cross motion which were for summary judgment, in effect, declaring that the loss was covered and dismissing the second cause of action. Graphic Arts established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs' personal property loss was not the result of one of the insured perils (cf. *Wai Kun Lee v Otsego Mut. Fire Ins. Co.*, 49 AD3d 863, 864-865 [2008]). Contrary to the plaintiffs' contention, the tarps that had been placed over the openings in the first floor ceiling of their building did not come within the definition of the term "roof" as used in the "windstorm or hail" provision of the policy, which provided that damage to personal property caused by rain was not covered unless the rain entered the home as a result of wind or hail causing an opening in a "roof" (*see Camden Fire Ins. Assn. v New Buena Vista Hotel Co.*, 199 Miss 585, 594-597, 24 So 2d 848, 849-850 [1946]; *Diep v California Fair Plan Assn.*, 15 Cal App 4th 1205, 1208-1211, 19 Cal Rptr 2d 591, 593-594 [1993]; *Aginsky v Farmers Ins. Exch.*, 409 F Supp 2d 1230, 1234, 1236 [2005]; *Nooney v Tower Group Co.*, 2009 NY Slip Op 33229[U], *5-6 [Sup Ct, Queens County 2009]; cf. *Dewsnup v Farmers Ins. Co. of Oregon*, 349 Or 33, 36-38, 43-45, 239 P3d 493, 494-496, 499 [2010]). In opposition to Graphic Arts' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the loss to the plaintiffs' personal property is not covered by the subject insurance policy (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Dillon, Balkin and Sgroi, JJ., concur.