■ CHARLES W. GARNAR, JR., et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [946 NYS2d 199]—

In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered December 12, 2011, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs alleged that, in February 2010, they discovered that a large quantity of oil had been deposited by unknown persons into the basement of their home. The plaintiffs' home is heated by natural gas. The plaintiffs filed a claim under an insurance policy issued by the defendant. The defendant denied the claim on the ground that the loss was not caused by a named peril under the policy. The plaintiffs then commenced this ac-

tion to recover damages for breach of contract, alleging that they sustained damage to their property as a result of vandalism, a named peril under the policy. The defendant moved for summary judgment dismissing the complaint and the Supreme Court denied the motion. The defendant appeals, and we affirm.

To prevail on its motion for summary judgment dismissing the complaint, the defendant was required to establish its entitlement to judgment as a matter of law by demonstrating that the plaintiffs' loss was not the result of vandalism (*see Wai Kun Lee v Otsego Mut. Fire Ins. Co.*, 49 AD3d 863, 864 [2008]; *see also Lobell v Graphic Arts Mut. Ins. Co.*, 83 AD3d 911, 912-913 [2011]). In construing an insurance contract, the tests to be applied are "common speech" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]) and "the reasonable expectations of the average insured upon reading the policy" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]; *see NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008]; *Penna v Federal Ins. Co.*, 28 AD3d 731, 732 [2006]). "The common meaning of the term 'vandalism' is the 'malicious or ignorant destruction of public or private property' " (*Wai Kun Lee v Otsego Mut. Fire Ins. Co.*, 49 AD3d at 865, quoting Webster's New World Dictionary [2d ed 1978]; *see MDW Enters. v CNA Ins. Co.*, 4 AD3d 338, 338 [2004]). Moreover, even if the term "vandalism" is susceptible of two reasonable interpretations, and is therefore ambiguous, it must be construed in favor of the insured (*see Wai Kun Lee v Otsego Mut. Fire Ins. Co.*, 49 AD3d at 865).

Here, the defendant failed to meet its prima facie burden of establishing, as a matter of law, that the plaintiffs' loss resulted from a cause other than vandalism (*id.*). This failure warranted the denial of the defendant's motion, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendant's remaining contention is not properly before this Court, as it was raised for the first time on appeal in its reply brief (*see Gartner v Unified Windows, Doors & Siding, Inc.*, 68 AD3d 815, 816 [2009]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.