■ CHARLES CAPEK, Appellant, v ALLSTATE INDEMNITY COMPANY, Respondent. [30 NYS3d 146]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 23, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff owned certain real property located in East Setauket, which included a house. The premises were used as a rental property, and the last tenant vacated the premises in 2009. The plaintiff purchased a "Landlords Package Policy" for the premises from the defendant insurer, and on November 26, 2010, the defendant renewed the policy for a period ending on November 26, 2011 (hereinafter the subject policy). On December 18, 2010, a fire caused damage to the premises. A police investigation determined that the cause of the fire was incendiary or intentionally set.

The subject policy provided, in relevant part, that: "[w]e do not cover loss to the property . . . consisting of, or caused by . . . [v]andalism. However, we do cover sudden and accidental direct physical loss caused by fire resulting from vandalism unless your dwelling has been vacant or unoccupied for more than 90 consecutive days immediately prior to the vandalism." "Vandalism" was defined in the subject policy as "willful or malicious conduct resulting in damage or destruction of property." The defendant denied coverage.

The plaintiff commenced this action against the defendant to recover damages for breach of contract. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the vandalism exclusion was unambiguous and that it precluded coverage for the damage caused to the premises by the intentionally set fire. In opposition, the plaintiff contended, inter alia, that the term vandalism under the subject policy was ambiguous. The Supreme Court granted the defendant's motion.

"As with the construction of contracts generally, 'unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court' " (*Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008], quoting *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007] [citation omitted]; *see Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]). The plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists (*see Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]). An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law. The subject policy expressly provided that it did *not* cover vandalism, which was defined as "willful or malicious conduct resulting in damage or destruction of property." The subject policy, however, did, in fact, cover "sudden and accidental direct physical loss caused by fire resulting from vandalism." The evidence submitted by the defendant in support of its motion established, prima facie, that the fire at issue was intentional and, thus, would constitute "willful or malicious conduct resulting in damage or destruction of property" and would not, therefore, be covered.

In opposition, the plaintiff failed to raise a triable issue of fact. We reject the plaintiff's contention that the relevant policy provisions were ambiguous and find that the plaintiff's reli-

ance upon *MDW Enters. v CNA Ins. Co.* (4 AD3d 338 [2004]) is misplaced because, in contrast to the subject policy, the policy addressed therein did not define the term "vandalism."

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dillon, Chambers and Dickerson, JJ., concur.