■ STEPHEN COHN et al., Appellants-Respondents, v COMMONWEALTH LAND TITLE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. TOWN OF ISLIP et al., Third-Party Defendants-Respondents. [678 NYS2d 268] —In an action to recover damages for breach of a title insurance policy and for a declaration that the defendant is obligated to indemnify the plaintiffs for legal fees incurred in prosecuting the instant action and a related action entitled *Matter of Cohn v Town of Islip,* pending in the Supreme Court, Suffolk County, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated July 22, 1997, as denied that branch of their motion which was for summary judgment on their second cause of action for legal fees, and the defendant cross appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint, or, in the alternative, for summary judgment on its third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's cross motion which was for summary judgment dismissing the plaintiffs' second cause of action and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the defendant is not obligated to indemnify the plaintiffs for legal fees incurred in this action or the action entitled *Matter of Cohn v Town of Islip.*

We find no merit in the plaintiffs' contention that the defen-

dant has a duty to "defend" them in the instant action and the related action which the plaintiffs commenced to clear title to their property, by indemnifying them for legal fees incurred in the two actions. The plain language of the insurance policy issued to the plaintiffs does not impose a duty on the defendant to *initiate or prosecute* a declaratory action on behalf of the insured to clear title (*see, Eliopoulos v Nation's Tit. Ins.,* 912 F Supp 28). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the second cause of action in the complaint.

We agree with the plaintiffs that there is a defect in their title and that such defect is not exempt from coverage under the policy. However, there is no evidence showing that a court of competent jurisdiction issued a "final determination" as defined in the insurance policy such as would trigger the insured's obligation to pay for a loss for a defect which is not excluded from coverage under the terms of the policy. Accordingly, any summary determination with respect to the plaintiffs' first cause of action is premature, and that branch of the defendant's cross motion which was for summary judgment on that cause of action was properly denied. Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.