*983 After purchasing the premises at issue in 2009, the plaintiff commenced an action in the Civil Court of the City of New York, Housing Part, seeking to evict Kevin Evans, a person in possession of the property (hereinafter the eviction action). Evans defaulted in the eviction action, but eventually moved to vacate his default. The Civil Court denied his motion in February 2010, and Evans filed a notice of appeal. Evans also moved in the Appellate Term, 2nd, 11th, and 13th Judicial Districts, by order to show cause, for a stay of eviction pending determination of the appeal. In an affidavit submitted in support of the motion, Evans asserted, for the first time, that he was an heir of a prior owner of the property and that the -plaintiffs grantor did not have a valid title to the property. The plaintiff notified its title insurer, Fidelity National Title Insurance Company (hereinafter Fidelity), of Evans’ assertions and demanded that Fidelity represent it with respect to Evans’ newly raised assertions. Fidelity notified the plaintiff that it would need time to investigate the claim, stated that it was not likely to complete its investigation before the return date of Evans’ motion, and advised the plaintiff to do “whatever is necessary to protect against default until [it had] completed coverage review.” The plaintiffs attorneys in the eviction action filed opposition to Evans’ motion for a stay pending determination of the appeal. Within the next few weeks, the Appellate Term denied Evans’ motion for a stay pending appeal, Fidelity denied the plaintiffs demand for representation, and the Appellate Term dismissed Evans’ appeal for failure to perfect.
The plaintiff then commenced this action against Fidelity alleging, among other things, that Fidelity breached a provision of the policy requiring it to provide a defense against claims covered by the policy. Fidelity made a pre-answer motion, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint. In support of its motion, Fidelity submitted, among other documents, the policy and the papers submitted to the Appellate Term in support of and in opposition to Evans’s motion for a stay pending appeal. The Supreme Court granted Fidelity’s motion, and the plaintiff appeals.
CPLR 3211 (a) provides that a defendant may move for judgment dismissing a cause of action on the ground that “a defense is founded upon documentary evidence” (CPLR 3211 [a] [1]). A CPLR 3211 (a) (1) motion may be granted “only where the documentary evidence utterly refutes plaintiffs factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; see Leon v Martinez, 84 NY2d 83, 88 [1994]; Cervini v Zanoni, *984 95 AD3d 919, 920-921 [2012]; Fontanetta v John Doe 1, 73 AD3d 78, 83-84 [2010]). Materials that clearly qualify as “documentary evidence” include “documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are ‘essentially undeniable’ ” (Fontanetta v John Doe 1, 73 AD3d at 84-85, quoting David D. Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3211:10 at 22).
Here, the policy required Fidelity to defend its insured with respect to “causes of action” alleging matters insured by the policy. It did not require Fidelity to represent its insured with respect to litigation commenced by its insured against another party in which no cause of action was asserted against its insured (see Cohn v Commonwealth Land Tit. Ins. Co., 254 AD2d 241, 241-242 [1998]; Eliopoulos v Nation’s Tit. Ins. of N.Y., Inc., 912 F Supp 28, 31-32 [1996]). Inasmuch as the documentary evidence submitted by Fidelity in support of its motion conclusively established that no cause of action alleging matters insured by the policy had been asserted against the plaintiff, Fidelity did not breach the policy and the Supreme Court properly granted that branch of Fidelity’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.
In light of our determination, it is not necessary to address the plaintiffs remaining contention. Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.