■ LOGAN BUS COMPANY, INC., Appellant, v DISCOVER PROPERTY & CASUALTY INSURANCE COMPANY, Respondent, et al., Defendants. [999 NYS2d 108]—

In an action, inter alia, for a judgment declaring that the defendant Discover Property & Casualty Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Serrano v Lutheran Social Servs. of Metro. New York, Inc.*, commenced under index No. 169/09 in the Supreme Court, Queens County, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kerrigan, J.), dated September 28, 2012, which denied its motion for summary judgment declaring that the defendant Discover Property & Casualty Insurance Company is obligated to defend and indemnify it in the underlying action, and (2) an order of the same court dated December 13, 2012, which granted the motion of the defendant Discover Property & Casualty Insurance Company, in effect, for a judgment declaring that it is not so obligated, and to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the orders are affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Discover Property & Casualty Insurance Company is not obligated to defend and indemnify the plaintiff in the underlying action.

The plaintiff, Logan Bus Company, Inc. (hereinafter Logan), commenced this action, inter alia, for a judgment declaring that the defendant Discover Property & Casualty Insurance Company (hereinafter Discover) is obligated to defend and indemnify it in an underlying action entitled *Serrano v Lutheran Social Servs. of Metro. New York, Inc.*, commenced under index No. 169/09, in the Supreme Court, Queens County (hereinafter the underlying action). The complaint in the underlying action alleged that the infant plaintiff, a student riding to school on a bus owned and operated by Logan, was the victim of a sexual assault perpetrated by another student as a result of inadequate supervision by an employee of Logan. The complaint in the instant action

alleged that Discover was obligated to provide Logan with coverage for the subject incident pursuant to an "Abuse or Molestation Liability" endorsement in an automobile insurance policy.

Logan moved for summary judgment declaring that Discover was obligated to defend and indemnify it in the underlying action. In the order dated September 28, 2012, the Supreme Court denied the motion. Thereafter, Discover moved, in effect, for a judgment declaring that it was not obligated to defend and indemnify Logan in the underlying action and to dismiss the complaint for failure to state a cause of action. In the order dated December 13, 2012, the Supreme Court granted that motion. Logan appeals from both orders.

"As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (*L&D Serv. Sta., Inc. v Utica First Ins. Co.*, 103 AD3d 782, 783 [2013] [internal quotation marks omitted]; *see Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008]; *White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d 670, 671 [2010]). "In construing an insurance contract, the tests to be applied are 'common speech' and 'the reasonable expectations of the average insured upon reading the policy' " (*Garnar v New York Cent. Mut. Fire Ins. Co.*, 96 AD3d 715, 716 [2012], quoting *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *see Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]). Further, "the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d 533, 534 [2010]).

Here, Logan failed to establish its prima facie entitlement to a judgment declaring that Discover is obligated to defend and indemnify it in the underlying action. In support of its motion, Logan submitted, inter alia, the subject insurance policy. The clear and unambiguous terms of the "abuse or molestation" endorsement limited coverage to acts perpetrated by "employees" or "volunteer workers." Since Logan alleged that the subject incident was perpetrated by a student, Logan failed to establish, prima facie, that Discover was obligated to defend and indemnify it in the underlying action. Moreover, since Logan's allegation that the incident was covered under the endorsement was shown to be "not a fact at all" and there is no significant dispute in this regard (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), Discover established its entitlement to dismissal of

the complaint for failure to state a cause of action and its prima facie entitlement to a judgment declaring that it is not obligated to defend and indemnify Logan in the underlying action. In opposition to that branch of Discover's motion which was for a judgment declaring that it is not obligated to defend and indemnify Logan in the underlying action, Logan failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Discover is not obligated to defend and indemnify the plaintiff in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.