# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**35**

**CA 16-01009**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

RICHARD E. KAPLAN, PLAINTIFF-APPELLANT,

V　　　　　　　　　　　　　　　　　　　　MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.

---

RICHARD E. KAPLAN, UTICA, PLAINTIFF-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered March 3, 2016. The order and judgment, among other things, declared that defendant did not violate article XVI, § 1 of the New York State Constitution.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a citizen taxpayer, commenced this declaratory judgment action alleging that defendant State of New York ceded its taxation authority to the Federal government by entering into the Oneida Settlement Agreement (Agreement), thereby violating article XVI, § 1 of the State Constitution. Plaintiff seeks a declaration that the Agreement is null and void and that Executive Law § 11, which incorporates the Agreement, and Indian Law § 16 are unconstitutional. Defendant moved to dismiss the complaint on various grounds, including failure to state a cause of action pursuant to CPLR 3211 (a) (7), and Supreme Court granted the motion. We note at the outset that, "[u]pon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented [by the controversy] . . . Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (*North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d 885, 890 [internal quotation marks omitted]).

Plaintiff alleges that Section VI B (1-5) of the Agreement violates article XVI of the State Constitution, which prohibits the State from surrendering, suspending or contracting away its power of taxation. Section VI B (1-5) provides that the State will not oppose a future application by the Oneida Indian Nation (Nation) to transfer

to the United States up to 12,366 acres of land to be held in trust pursuant to 25 USC § 5108 (formerly § 465).  The land at issue was formerly part of the 300,000-acre reservation, which was established in the 1788 Treaty of Fort Schuyler (*see City of Sherrill, N.Y. v Oneida Indian Nation of N.Y.*, 544 US 197, 203), and which the Nation has reacquired through open-market transactions (*see id.* at 211).  In 2008, the United States Secretary of the Interior accepted the transfer into trust of 13,004 acres of reacquired land owned by the Nation, over defendant's objection.  We conclude that the court properly declared that Section VI B (1-5) does not violate the State constitutional provision prohibiting defendant from surrendering or contracting away its power of taxation.  Indeed, the determination whether to accept additional land owned by the Nation into trust rests solely with the United States Secretary of the Interior, who "must consider, among other things, the [Nation's] need for additional land; 'the purposes for which the land will be used'; 'the impact on the State and its political subdivisions resulting from the removal of the land from the tax rolls'; and '[j]urisdictional problems and potential conflicts of land use which may arise' " (*id.* at 221, quoting 25 CFR 151.10 [f]).

To the extent that plaintiff contends that Executive Law § 11 and Indian Law § 16 violate article XVI of the State Constitution, we reject that contention.  "[T]here exists a strong presumption of constitutionality which accompanies legislative actions . . . This is not to say, of course, that such actions must always be sustained without question . . . ; they are, however entitled to the benefit of the presumption, and will be sustained absent a clear showing of unconstitutionality" (*Wein v Beame*, 43 NY2d 326, 331 [internal citations omitted]), which plaintiff has not made here.

Entered:  February 3, 2017                          Frances E. Cafarell
                                                     Clerk of the Court