Pham Tran v Utica First Ins. Co. (2020 NY Slip Op 01943)





Pham Tran v Utica First Ins. Co.


2020 NY Slip Op 01943


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01608
 (Index No. 516333/16)

[*1]Pham Tran, et al., appellants, 
v
Utica First Insurance Company, respondent, et al., defendant.


Law Offices of Curtis, Vasile, Mehary & Dorry P.C., Merrick, NY (Patricia M. D'Antone of counsel), for appellants.
Farber Brocks & Zane, LLP, Garden City, NY (Sherri N. Pavloff and Tracy Frankel of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 21, 2017. The order, insofar as appealed from, (1) granted that branch of the motion of the defendant Utica First Insurance Company which was for leave to reargue that branch of its prior motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff Pham Tran in an underlying action entitled Williams v Pham Tran, pending in the Supreme Court, Kings County, under Index No. 515692/15, which had been denied in an order of the same court dated July 14, 2017, and, upon reargument, in effect, vacated that prior determination, and thereupon, granted that branch of the prior motion, and (2), upon renewal and reargument, in effect, adhered to a prior determination in the order dated July 14, 2017, denying that branch of the plaintiffs' prior cross motion which was for summary judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the plaintiff Pham Tran in the underlying action.
ORDERED that the order dated December 21, 2017, is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Utica First Insurance Company is not obligated to defend and indemnify the plaintiff Pham Tran in the underlying action.
Caren Williams commenced an action against Pham Tran and Crown Fried Chicken and Pizza, Inc. (hereinafter the underlying action), to recover damages for personal injuries she allegedly sustained on September 28, 2015, at premises located on Utica Avenue in Brooklyn. Pham Tran is the owner and landlord of the subject premises. Dang My Linh is the tenant of the subject premises who subleased them to 226 Utica Food Corporation, the named insured on an insurance policy issued by Utica First Insurance Company (hereinafter Utica First).
Pham Tran and Dang My Linh (hereinafter together the plaintiffs) commenced this action, inter alia, for a judgment declaring that Utica First is obligated to defend and indemnify them in the underlying action. In December 2016, Utica First moved, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action. The plaintiffs cross-moved, inter alia, for summary judgment declaring that Utica First is obligated to defend and indemnify them in the underlying action. In an order dated July 14, 2017, the Supreme [*2]Court denied both the motion and the cross motion.
In September 2017, Utica First moved, inter alia, for leave to reargue that branch of its prior motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify Pham Tran in the underlying action. Utica First contended that the Supreme Court had misapprehended the plain language of the insurance policy. The plaintiffs cross-moved for leave to renew and reargue that branch of their prior cross motion which was for summary judgment declaring that Utica First is obligated to defend and indemnify Pham Tran in the underlying action. In an order dated December 21, 2017, the Supreme Court, inter alia, granted that branch of Utica First's motion which was for leave to reargue that branch of its prior motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify Pham Tran in the underlying action, and, upon reargument, in effect, vacated the prior determination denying that branch of Utica First's prior motion, and thereupon, granted that branch of the prior motion. In addition, upon renewal and reargument, the court, in effect, adhered to its prior determination denying that branch of the plaintiffs' prior cross motion which was for summary judgment declaring that Utica First is obligated to defend and indemnify Pham Tran in the underlying action. The plaintiffs appeal.
We agree with the Supreme Court's determination that it had misapprehended the plain language of the subject insurance policy when it denied Utica First's prior motion (see CPLR 2221[d][2]; [e][2], [e][3]; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 157 AD3d 852; Matter of Osorio v Motor Veh. Acc. Indem. Corp., 112 AD3d 831, 832-833). We also agree with the Supreme Court's determination, upon reargument, granting that branch of Utica First's prior motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify, Pham Tran in the underlying action. "An insurer can be relieved of its duty to defend by establishing, as a matter of law, that there is no possible factual or legal basis upon which it might eventually be obligated to indemnify the insured" (Fortress Ins. Co. v Kollander, 41 AD3d 423, 424). " As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plan and ordinary meaning, and the interpretation of such provisions is a question of law for the court'" (Logan Bus Co., Inc. v Discovery Prop. & Cas. Ins. Co., 123 AD3d 777, 778, quoting L & D Serv. Sta., Inc. v Utica First Ins. Co., 103 AD3d 782, 783). Here, Utica First established its prima facie entitlement to summary judgment by submitting evidence that Pham Tran was not named as an additional insured under the subject policy until more than three months after the underlying accident on September 28, 2015. The subsequently issued policy amendment naming Pham Tran as an additional insured was not effective until January 16, 2016. Thus, Utica First has no duty to defend and indemnify Pham Tran(see Vikram Constr., Inc. v Everest Natl. Ins. Co., 139 AD3d 720, 721; Frank v Continental Cas. Co., 123 AD3d 878, 881; York Restoration Corp. v Solty's Constr., Inc., 79 AD3d 861, 862). In opposition to Utica First's prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiffs' remaining contentions are without merit or have been rendered academic by our determination.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Utica First is not obligated to defend and indemnify Pham Tran in the underlying action.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court