Irma Straus Realty Corp. v Old Republic Natl. Tit. Ins. Co. (2020 NY Slip Op 03307)





Irma Straus Realty Corp. v Old Republic Natl. Tit. Ins. Co.


2020 NY Slip Op 03307


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


290 CA 19-01966

[*1]IRMA STRAUS REALTY CORP., AND FLAMBEAU REALTY, INC., PLAINTIFFS-RESPONDENTS,
v
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, DEFENDANT-APPELLANT. 






RUPP BAASE PFALZGRAF CUNNINGHAM LLC, SARATOGA SPRINGS (PHILLIP A. OSWALD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BARCLAY DAMON, LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 2, 2019. The order denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the complaint is dismissed insofar as it seeks damages, and judgment is granted in favor of defendant as follows:
It is ADJUDGED and DECLARED that defendant is not obligated to pay the attorneys' fees and costs associated with an action brought by plaintiffs to quiet title.
Memorandum: Plaintiffs commenced this breach of contract and declaratory judgment action to recover under a title insurance policy (policy) that defendant issued to plaintiffs. Plaintiffs alleged that, after purchasing their property, they determined that an adjacent property owner (property owner) was using a portion of plaintiffs' property that used to be a common stairwell for the two adjoining buildings (disputed property). Plaintiffs gave the property owner notice that it was using plaintiffs' property, and the property owner responded by asserting that it owned the disputed property. After defendant denied plaintiffs' request to take action against the property owner, plaintiffs commenced an action against the property owner to quiet title. Plaintiffs then commenced this action against defendant alleging a single cause of action, for breach of contract, and seeking a monetary judgment for attorneys' fees and costs incurred to date in the action against the property owner and a declaration that defendant was obligated to pay such attorneys' fees and costs necessary to prosecute that action in the future. Defendant appeals from an order effectively denying its motion pursuant to, inter alia, CPLR 3211 (a) (1) to dismiss the complaint, and we reverse.
Initially, we note that, inasmuch as the documentary evidence establishes that no questions of fact exist with respect to this controversy, we treat the motion to dismiss the complaint as one to dismiss the complaint insofar as it sought damages for attorneys' fees and costs already incurred and for a declaration in defendant's favor regarding future attorneys' fees and costs (see generally Kaplan v State of New York, 147 AD3d 1315, 1316 [4th Dept 2017]; 11 King Ctr. Corp. v City of Middletown, 115 AD3d 785, 787 [2d Dept 2014], lv denied 24 NY3d 904 [2014]).
We agree with defendant that Supreme Court erred in denying its motion. A dismissal of a complaint pursuant to CPLR 3211 (a) (1) is warranted if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88 [1994]). Plaintiffs alleged that defendant breached section 5 (b) of the policy, [*2]which provides, in relevant part, that defendant "shall have the right . . . to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the Title, as insured, or to prevent or reduce loss or damage to the Insured." Defendant's "right" to prosecute an action is not equivalent to an "obligation" (see Eliopoulos v Nation's Tit. Ins. of N.Y., Inc., 912 F Supp 28, 31 [ND NY 1996]). Inasmuch as the policy submitted by defendant on the motion did not require defendant to prosecute the action against the property owner, defendant is entitled to dismissal of the complaint insofar as it sought attorneys' fees and costs that plaintiffs had already incurred for the prosecution of that action (see Sands Point Partners Private Client Group v Fidelity Natl. Tit. Ins. Co., 99 AD3d 982, 984 [2d Dept 2012]; Cohn v Commonwealth Land Tit. Ins. Co., 254 AD2d 241, 241-242 [2d Dept 1998]). We further conclude that defendant is entitled to a declaration that it is not obligated to pay for the attorneys' fees and costs necessary to prosecute that action in the future (see Cohn, 254 AD2d at 241; see generally Certified Envtl. Servs., Inc. v Endurance Am. Ins. Co., 158 AD3d 1209, 1211 [4th Dept 2018]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court