Edward Horton Bldrs., Inc. v Arch Specialty Ins. Co. (2020 NY Slip Op 07355)





Edward Horton Bldrs., Inc. v Arch Specialty Ins. Co.


2020 NY Slip Op 07355


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2018-12644
 (Index No. 602171/18)

[*1]Edward Horton Builders, Inc., etc., appellant,
v
Arch Specialty Insurance Company, et al., respondents.


Gordon & Silber, P.C., New York, NY (Michael A. Bayron and Andrew B. Kaufman of counsel), for appellant.
Kelly & Curtis, PLLC, New York, NY (Adam B. Curtis and Andrew I. Mandelbaum of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying action entitled Llivichuzca v Nelson, pending in the Supreme Court, Suffolk County, under Index No. 5665/2016, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 20, 2018. The order granted the motion of the defendant Arch Specialty Insurance Company pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Arch Specialty Insurance Company pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as against it; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action against, among others, Arch Specialty Insurance Company (hereinafter Arch), seeking, inter alia, a declaration that Arch was obligated to defend and indemnify it in an underlying personal injury action. Arch moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. Arch alleged that it was not obligated to defend and indemnify the plaintiff in the underlying action based on a policy exclusion which excluded coverage for claims for bodily injury arising from work performed on the plaintiff's behalf by a subcontractor, unless that subcontractor had in force at the time of the injury, a commercial general liability policy that, inter alia, named the plaintiff as an additional insured and provided coverage to the plaintiff. The plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted Arch's motion and denied the plaintiff's cross motion. The plaintiff appeals.
Where "an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311, quoting Kratzenstein v Western Assur. Co. of City of Toronto, 116 NY 54, 59; see Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d 706). Any ambiguity in the terms of an insurance policy must be construed in favor of the insured and against the insurer (see White v [*2]Continental Cas. Co., 9 NY3d 264, 267; United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232). "However, the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534; see Bayport Constr. Corp. v BHS Ins. Agency, 117 AD3d 660, 661; Bassuk Bros. v Utica First Ins. Co., 1 AD3d 470, 471).
"Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 924). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997).
Here, in support of that branch of its motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it, Arch submitted, inter alia, the plaintiff's insurance policy, a subcontract agreement between the plaintiff and its subcontractor, and the summons and complaint in the underlying action. However, these submissions did not establish that the underlying action arose from work performed by the plaintiff's subcontractor, or that the subcontractor failed to maintain a commercial general liability policy that provided coverage to the plaintiff for the underlying accident, and the other evidence submitted by Arch does not qualify as documentary evidence (see Minchala v 829 Jefferson, LLC, 177 AD3d 866, 867-868; Vantage of Jackson, LLC v Everest Natl. Ins. Co., 85 AD3d 900, 901-902; cf. Irma Straus Realty Corp. v Old Republic Natl. Tit. Ins. Co., 184 AD3d 1095). Accordingly, since Arch failed to submit documentary evidence conclusively establishing a defense as a matter of law, the Supreme Court should not have granted that branch of Arch's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against it.
With respect to that branch of Arch's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, Arch failed to demonstrate that the complaint did not present a justiciable controversy sufficient to invoke the Supreme Court's power to render a declaratory judgment (see Indymac Venture, LLC v Nagessar, 121 AD3dD 945, 946; State Farm Mut. Auto. Ins Co. v Anikeyeva, 89 AD3d 1009). Accordingly, the court should not have granted that branch of Arch's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
Contrary to the plaintiff's contention, since the plaintiff failed to establish, prima facie, that Arch is obligated to defend and indemnify it in the underlying action (see Logan Bus Co., Inc. v Discover Prop. & Cas. Ins. Co., 123 AD3d 777, 778), the Supreme Court properly denied its cross motion for summary judgment on the complaint regardless of the sufficiency of Arch's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852).
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court