Nino & Nino Corp. v Utica First Ins. Co. (2025 NY Slip Op 03200)

Nino & Nino Corp. v Utica First Ins. Co.

2025 NY Slip Op 03200

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-09423
 (Index No. 714378/21)

[*1]Nino & Nino Corp., etc., et al., respondents-appellants,
v
Utica First Insurance Company, appellant-respondent.

Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for appellant-respondent.
Rubin, Fiorella, Friedman & Mercante LLP, New York, NY (Aaron G. Fishbein and Paul Kovner of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled Wiltshire-Harvey v Nino, commenced in the Supreme Court, Queens County, under Index No. 724738/20, the defendant appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered December 20, 2021. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and for a judgment declaring that it has no obligation to defend or indemnify the plaintiff Nino & Nino Corp. in the underlying action. The order, insofar as cross-appealed from, denied the plaintiffs' cross-motion for summary judgment on the complaint and declaring that the defendant has a duty to defend and indemnify the plaintiff Nino & Nino Corp. in the underlying action.
ORDERED that the order is reversed insofar as appealed from, on the law, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and for a judgment declaring that it has no obligation to defend or indemnify the plaintiff Nino & Nino Corp. in the underlying action is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant has no obligation to defend or indemnify the plaintiff Nino & Nino Corp. in the underlying action entitled Wiltshire-Harvey v Nino, commenced in the Supreme Court, Queens County, under Index No. 724738/20; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the one bill of costs is awarded to the defendant.
In July 2019, Granville Wiltshire (hereinafter the decedent), an employee of Door Restaurant Corp. (hereinafter Door Restaurant), died after sustaining injuries in an accident while working at the subject premises. The administrator of the decedent's estate commenced an action entitled Wiltshire-Harvey v Nino, in the Supreme Court, Queens County, under Index No. 724738/20 against, among others, Daniel Nino and the plaintiff Nino & Nino Corp. (hereinafter the corporation) to recover damages for personal injuries and wrongful death (hereinafter the underlying action).
At the time of the accident, a lease agreement for the premises was in effect between Nino, as owner, and Door Restaurant, as tenant. In December 2019, more than five months after the accident, Nino transferred ownership of the premises to the corporation. Nino died in January 2020.
At the time of the accident, Door Restaurant had a business owners' insurance policy with Utica First Insurance Company (hereinafter Utica). That policy (hereinafter the Utica policy) contained an endorsement designating "Daniel Nino, c/o Community Realty Corp" and "Firtsultus Inc c/o Daniel Nino" as additional insureds.
The corporation and its insurance carrier, Seneca Insurance Company (hereinafter Seneca), commenced this action against Utica seeking, among other things, a judgment declaring that the corporation is an additional insured under the Utica policy and that Utica has a duty to defend and indemnify the corporation in the underlying action. Utica moved pursuant to CPLR 3211(a)(1) to dismiss the complaint and for a judgment declaring that it has no obligation to defend or indemnify the corporation in the underlying action. The plaintiffs cross-moved for summary judgment on the complaint and declaring that Utica has a duty to defend and indemnify the corporation in the underlying action. The Supreme Court denied the motion and the cross-motion.
A motion to dismiss pursuant to CPLR 3211(a)(1) based on documentary evidence "is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Minchala v 829 Jefferson, LLC, 177 AD3d 866, 867 [internal quotation marks omitted]). "A party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought" (Arch Specialty Ins. Co. v RLI Ins. Co., 209 AD3d 812, 814 [internal quotation marks omitted]; see Pham Tran v Utica First Ins. Co., 181 AD3d 839, 841-842). "Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent" (Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857).
Through its submission of the Utica policy, Utica conclusively established that the corporation was not a named insured or an additional insured under that policy. Under the circumstances, the defendant had no duty to defend or indemnify the corporation in the underlying action (see Pham Tran v Utica First Ins. Co., 181 AD3d at 842; York Restoration Corp. v Solty's Constr., Inc., 79 AD3d 861, 862).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Utica has no obligation to defend or indemnify the corporation in the underlying action (see Lanza v Wagner, 11 NY2d 317).
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court