■ HARGOB REALTY ASSOCIATES, INC., Appellant, v FIREMAN's FUND INSURANCE COMPANY, Doing Business as INTERSTATE FIRE & CASUALTY COMPANY, Respondent. [901 NYS2d 657]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Bonilla v Hargob Realty Assoc.*, pending in the Supreme Court, Kings County, under index No. 9854/05, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered April 2, 2009, which granted the defendant's motion for summary judgment, in effect, declaring that it is not so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in an underlying action entitled *Bonilla v Hargob Realty Assoc.*, pending in the Supreme Court, Kings County, under index No. 9854/05.

The plaintiff entered into a construction contract with nonparty U.S.A. Interior, LLC (hereinafter USAI), pursuant to which USAI was to perform demolition work (hereinafter the project) at certain premises owned by the plaintiff. The only written agreements between USAI and the plaintiff pertaining to the project were a one-page proposal from USAI specifying the bid price and work to be performed (hereinafter the proposal) and a hold harmless agreement. Pursuant to the hold harmless agreement, USAI, as the subcontractor, agreed to indemnify and hold harmless the plaintiff, as the owner, "from and against any and all claims, suits, liens, judgment, damages, losses and expenses arising in whole or in part . . . from the

acts, omissions, breach or default of [USAI] in connection with the performance of any work by or for [USAI]," except for claims arising from Hargob's own negligence.

The defendant Fireman's Fund Insurance Company, doing business as Interstate Fire & Casualty Company (hereinafter the defendant insurer), issued a policy of commercial general liability insurance to USAI that contained an additional insured endorsement. Pursuant to that endorsement, added to the insured persons covered under the subject policy was "any entity the Named Insured *is required in a written contract to name as an insured* (hereinafter called Additional Insured) . . . but only with respect to liability arising out of work performed by or on behalf of the Named Insured for the Additional Insured [emphasis added]."

"The four corners of an insurance agreement govern who is covered and the extent of coverage" (*Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386, 388 [2006]; *see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]). Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d at 33). Thus, when determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself (*see Binasco v Break-Away Demolition Corp.*, 256 AD2d 291, 292 [1998]; *I.S.A. In N.J. v Effective Sec. Sys.*, 138 AD2d 681, 682 [1988]).

Here, as noted, the additional insured endorsement of the subject policy added to section II, which defines the persons insured, afforded bodily injury liability coverage under section I of the policy to any entity that the named insured "is required in a written contract to name as an insured." Thus, notwithstanding USAI's written agreement to indemnify the plaintiff, the hold harmless agreement did not contain any requirement that USAI name the plaintiff as an additional insured under the subject policy (*cf. Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688 [2008]). Therefore, the defendant insurer demonstrated its entitlement to judgment as a matter of law based upon its submission, inter alia, of the subject policy, the hold harmless agreement, and an excerpt of the deposition of one of the plaintiff's principals, who averred that the proposal and hold harmless agreements were the only written contracts between the plaintiff and USAI pertaining to the project.

In opposition, the plaintiff failed to raise a triable issue of fact. The USAI certificate of insurance proffered in opposition,

listing the plaintiff as an additional insured under the subject policy, was insufficient to alter the language of the policy itself, especially since the certificate recited that it was for informational purposes only, that it conferred no rights upon the holder, and that it did not amend, alter, or extend the coverage afforded by the policy (*see School Constr. Consultants, Inc. v ARA Plumbing & Heating Corp.*, 63 AD3d 1029 [2009]; *Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co.*, 55 AD3d 671, 673 [2008]; *Metropolitan Heat & Power Co., Inc. v AIG Claims Servs., Inc.*, 47 AD3d 621 [2008]).

In addition, and contrary to the plaintiff's contention, the denial of coverage under the additional insured endorsement constituted a denial based upon a "lack of inclusion" rather than "by reason of exclusion" and, thus, the defendant insurer was not required to deny coverage where none existed (*Zappone v Home Ins. Co.*, 55 NY2d 131, 137 [1982]). Therefore, to the extent that the defendant insurer's denial of coverage was based upon lack of coverage as an additional insured pursuant to the additional insured endorsement, a timely disclaimer was unnecessary (*see Markevics v Liberty Mut. Ins. Co.*, 97 NY2d 646, 648 [2001]; *Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185, 188 [2000]; *see e.g. KMAPS Corp. v Nova Cas. Co.*, 53 AD3d 1043 [2008]; *Perkins v Allstate Ins. Co.*, 51 AD3d 647 [2008]; *cf. Rael Automatic Sprinkler Co., Inc. v Schaefer Agency*, 52 AD3d 670 [2008]).

Further, the supplementary payments provision of the policy, which obligates the defendant insurer to defend an indemnitee of the named insured when certain specified conditions are met, does not also afford liability coverage. Contrary to the plaintiff's contention, the supplementary payments provision did not demonstrate an intent by the defendant insurer to afford the plaintiff coverage solely on the basis that it is an indemnitee of the named insured, in the absence of the plaintiff's addition as "an insured" under section II of the subject policy pursuant to the additional insured endorsement (*see Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d at 33). Liability coverage under the policy is afforded by Section I, not the supplementary payments provision. Therefore, Hargob's status as an indemnitee does not operate to confer upon it status as an additional insured, and it is, thus, not entitled to liability coverage under the subject policy pursuant to the supplementary payments provision.

Accordingly, the Supreme Court properly granted the defendant insurer's motion for summary judgment, in effect, declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action.

Since the complaint asserts a cause of action for a declaratory judgment, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant insurer is not obligated to defend and indemnify the plaintiff in the underlying personal injury action pursuant to the subject insurance policy (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.