■ NEW YORK STATE THRUWAY AUTHORITY, Plaintiff, v KETCO, INC., Defendant/Third-Party Plaintiff-Respondent-Appellant, and ST. PAUL TRAVELERS, Defendant/Third-Party Defendant-Appellant-Respondent. CONRAD GEOSCIENCE CORP. et al., Third-Party Defendants-Respondents; TRAVELERS PROPERTY & CASUALTY CO., Formerly Known as TRAVELERS INDEMNITY COMPANY OF ILLINOIS, Third-Party Defendant-Appellant-Respondent. [990 NYS2d 72]—

In an action, inter alia, for a judgment declaring that the defendant/third-party plaintiff, Ketco, Inc., is obligated to defend and indemnify the plaintiff in four underlying actions pending in the Court of Claims, the defendant/third-party defendant, St. Paul Travelers, and the third-party defendant, Travelers Property & Casualty Co., formerly known as Travelers Indemnity Company of Illinois, appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Ecker, J.), dated May 25, 2011, as denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the amended third-party complaint insofar as asserted against them and granted that branch of the cross motion of the defendant/third-party plaintiff, Ketco, Inc.,

which was for summary judgment declaring that they were obligated to defend and indemnify it in this action pursuant to certain insurance policies issued by them to the plaintiff and to Ketco, Inc., and pursuant to the commercial general liability policy which they issued to the third-party defendant Conrad Geoscience Corp., and the defendant/third-party plaintiff, Ketco, Inc., cross-appeals, as limited by its brief, from stated portions of the same order which, inter alia, determined that the timeliness of the disclaimer by the defendant/third-party defendant St. Paul Travelers and the third-party defendant Travelers Property & Casualty Co., formerly known as Travelers Indemnity Company of Illinois, under certain commercial general liability and umbrella policies must be measured from October 5, 2004, rather than from August 2, 2004.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant/third-party defendant, St. Paul Travelers, and the third-party defendant, Travelers Property & Casualty Co., formerly known as Travelers Indemnity Company of Illinois, which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the amended third-party complaint as sought a judgment declaring that they are obligated to defend and indemnify the defendant/third-party plaintiff, Ketco, Inc., in this action pursuant to the insurance policy they issued to the plaintiff, which bears the policy number DT-PRH-5053A075-TIL-03, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting those branches of the cross motion of the defendant/third-party plaintiff, Ketco, Inc., which were for summary judgment declaring that the defendant/third-party defendant, St. Paul Travelers, and the third-party defendant, Travelers Property & Casualty Co., formerly known as Travelers Indemnity Company of Illinois, are obligated to defend and indemnify Ketco, Inc., in this action pursuant to an insurance policy which they issued to the plaintiff, which bears the policy number DT-PRH-5053A075-TIL-03, and an insurance policy they issued to the third-party defendant Conrad Geoscience Corp., which bears the policy number GS 7120348, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendant/third-party defendant, St. Paul Travelers, and the third-party defendant Travelers Property & Casualty Co., formerly known as Travelers Indemnity Company of Illinois, are not obligated to defend or indemnify the defend-

ant/third-party plaintiff, Ketco, Inc., in this action pursuant to the insurance policy they issued to the plaintiff, which bears the policy number DT-PRH-5053A075-TIL-03, and are obligated to defend and indemnify the defendant third-party plaintiff, Ketco, Inc., in this action, pursuant to the insurance policies they issued to Ketco, Inc., which bear the policy numbers CUP-924K615-A and CO 924K6112.

The party claiming insurance coverage bears the burden of proving entitlement (*see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 570 [2006]; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d 198 [2004]). Here Ketco, Inc. (hereinafter Ketco), met its burden with respect to the policies issued to it by Travelers Property & Casualty Co., formerly known as Travelers Indemnity Company of Illinois, and St. Paul Travelers (hereinafter together the Travelers insurers) for commercial general liability coverage (bearing the policy number CO 924K6112), and for "umbrella" coverage (which bears the policy number CUP-924K615-A).

However, a party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought (*see Essex Ins. Co. v Michael Cunningham Carpentry*, 74 AD3d 733 [2010]; *Majawalla v Utica First Ins. Co.*, 71 AD3d 958 [2010]; *National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d at 571; *Tribeca Broadway Assoc. v Mount Vernon Fire Ins. Co.*, 5 AD3d at 200). Here, we agree with the Travelers insurers' contention that the Supreme Court erred in determining that they were obligated to defend and indemnify Ketco in this action pursuant to the terms of the Travelers policy issued to the plaintiff, New York State Thruway (which bears the policy number DT-PRH-5053A075-TIL-03) (hereinafter the Thruway Policy). As Ketco itself correctly concedes, it is neither an insured nor an additional insured under the Thruway Policy. Accordingly, the Supreme Court incorrectly determined that the Travelers insurers were obligated to defend and indemnify Ketco under the Thruway Policy in this action.

The Supreme Court also erred in granting that branch of Ketco's cross motion which was for summary judgment declaring that the Travelers insurers were obligated to defend and indemnify it in this action pursuant to a commercial general liability policy issued to the third-party defendant Conrad Geoscience Corp. (which bears the policy number GS 7120348), which names Ketco as an additional insured under specified conditions. Under the circumstances of this case, triable issues

of fact exist as to whether Ketco qualifies as an additional insured under that policy (*see Stout v 1 E. 66th St. Corp.*, 90 AD3d 898 [2011]; *Lehrer McGovern Bovis v Halsey Constr. Corp.*, 254 AD2d 335 [1998]).

The parties' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment declaring that the Travelers insurers are not obligated to defend and indemnify Ketco in this action under the terms of the Thruway Policy identified herein as policy DT-PRH-5053A075-TIL-03, and are obligated to defend and indemnify Ketco in the main action under the terms of the policies issued to Ketco, which bear the policy numbers CUP-924K615-A and CO 924K6112 (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Mastro, J.P., Balkin, Sgroi and LaSalle, JJ., concur.