Parsons McKenna Constr. Co., Inc. v Allied Ins. Cos. (2021 NY Slip Op 02965)





Parsons McKenna Constr. Co., Inc. v Allied Ins. Cos.


2021 NY Slip Op 02965


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1142 CA 20-00028

[*1]PARSONS MCKENNA CONSTRUCTION CO., INC., AND AUBURN REAL ESTATE CO., INC., PLAINTIFFS-RESPONDENTS,
v
ALLIED INSURANCE COMPANIES, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 






HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY SCHOONMAKER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered December 24, 2019. The judgment denied the motion of defendant-appellant for summary judgment, granted the cross motion of plaintiffs for summary judgment and declared, inter alia, that defendant-appellant is obligated to defend and indemnify plaintiffs in an underlying action. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the cross motion, vacating the declaration, granting the motion in part and granting judgment in favor of defendant-appellant as follows:
It is hereby ADJUDGED and DECLARED that defendant-appellant is not obligated to defend and indemnify plaintiff Auburn Real Estate Co., Inc. in the underlying action,
and as modified the judgment is affirmed without costs.
Memorandum: Defendant-appellant (defendant) appeals from a judgment that, inter alia, declared that it is obligated to defend and indemnify plaintiffs in an underlying personal injury action. In the underlying action, an injured laborer asserted claims against plaintiff Auburn Real Estate Co., Inc. (Auburn) to recover damages for injuries that he sustained while working on a construction project on premises owned by Auburn. The general contractor on the project was plaintiff Parsons McKenna Construction Co., Inc. (Parsons), which contracted with the laborer's employer to perform certain work. An insurance policy issued by defendant to the laborer's employer listed Parsons as an additional insured, but "only with respect to liability for 'bodily injury' . . . caused by [the employer's] ongoing operations for [Parsons] . . . and only to the extent that such 'bodily injury' . . . is caused by [the employer's] negligence, acts or omissions or the negligence, acts or omissions of those performing operations on [the employer's] behalf."
Plaintiffs conceded at oral argument that Auburn is not covered under the policy, and thus we modify the judgment by granting defendant's motion with respect to Auburn (see New York State Thruway Auth. v Ketco, Inc., 119 AD3d 659, 661 [2d Dept 2014]).
With respect to Parsons, we agree with defendant that Supreme Court erred in granting plaintiffs' cross motion for summary judgment on their declaratory judgment causes of action against defendant. Although Parsons, unlike Auburn, is listed as an additional insured on the face of the policy, and although the laborer was undoubtedly "performing operations" on his employer's behalf (cf. Pioneer Cent. Sch. Dist. v Preferred Mut. Ins. Co., 165 AD3d 1646, 1647-[*2]1648 [4th Dept 2018]), we nevertheless conclude that issues of fact with respect to proximate cause preclude an award of summary judgment (cf. Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [2017]; Pioneer Cent. Sch. Dist., 165 AD3d at 1647). Therefore, we further modify the judgment by denying the cross motion and vacating the declaration.
Defendant's remaining contention lacks merit.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court