Chipotle Mexican Grill, Inc. v RLI Ins. Co. (2021 NY Slip Op 06604)





Chipotle Mexican Grill, Inc. v RLI Ins. Co.


2021 NY Slip Op 06604


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-11057 
2018-11361
2018-14847
2019-00473
 (Index No. 700712/16)

[*1]Chipotle Mexican Grill, Inc., et al., plaintiffs-appellants-respondents, 
v
RLI Insurance Company, defendant third-party defendant-respondent, et al., defendants; Fireman's Fund Insurance Company, third-party plaintiff-respondent-appellant.


Messner Reeves LLP (Stonberg Moran, LLP, New York, NY [James M. Haddad and Sherri N. Pavloff], of counsel), for plaintiffs-appellants-respondents.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Eric A. Portuguese and Farrell J. Miller of counsel), for third-party plaintiff-respondent-appellant.
Delahunt Law PLLC, Buffalo, NY (Timothy E. Delahunt of counsel), for defendant third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant third-party defendant, RLI Insurance Company, is obligated to defend and indemnify the plaintiffs as additional insureds in an underlying action entitled Wazadally v Simon Property Group, Inc., commenced in the Supreme Court, Queens County, under Index No. 1064/15, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered July 17, 2018, (2) a judgment of the same court dated August 9, 2018, (3) an order of the same court entered November 28, 2018, and (4) an order of the same court also entered November 28, 2018, and the third-party plaintiff, Fireman's Fund Insurance Company, cross-appeals from the first order entered November 28, 2018. The order entered July 17, 2018, insofar as appealed from, denied the plaintiffs' motion for summary judgment declaring that RLI Insurance Company is obligated to defend and indemnify them as additional insureds in the underlying action and granted RLI Insurance Company's cross motion for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not obligated to defend or indemnify the plaintiffs as additional insureds in the underlying action. The judgment, insofar as appealed from, dismissed the complaint insofar as asserted against RLI Insurance Company. The first order entered November 28, 2018, insofar as appealed from, denied that branch of the plaintiffs' cross motion which was for summary judgment declaring that an insurance policy issued by Fireman's Fund Insurance Company was not excess to a policy issued by Safety National Casualty Corp. The first order entered November 28, 2018, insofar as cross-appealed from, denied that branch of the motion of Fireman's Fund Insurance Company which was, in effect, for leave to renew with respect to the court's prior determination in the order entered July 17, 2018, that the plaintiffs were not additional insureds on an insurance policy issued by RLI [*2]Insurance Company. The second order entered November 28, 2018, denied the plaintiffs' motion, in effect, for leave to renew and reargue their prior motion for summary judgment declaring that RLI Insurance Company is obligated to defend and indemnify them as additional insureds in the underlying action.
ORDERED that the appeal from the order entered July 17, 2018, is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action for declaratory relief against RLI Insurance Company, and adding thereto a provision declaring that RLI Insurance Company is not obligated to defend or indemnify the plaintiffs as additional insureds in the underlying action; and it is further,
ORDERED that the first order entered November 28, 2018, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the appeal from so much of the second order entered November 28, 2018, as denied that branch of the plaintiffs' motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the second order entered November 28, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to RLI Insurance Company payable by the plaintiffs and Fireman's Fund Insurance Company appearing separately and filing separate briefs.
The plaintiffs hired the defendant Piece Management, Inc. (hereinafter PMI), to perform rodent prevention services at its restaurant located in the Roosevelt Field Mall. Afmat Wazadally was employed by PMI and was injured in the course of his work when he fell from a ladder. Wazadally commenced a personal injury action against the instant plaintiffs and others (hereianfter the underlying action). The plaintiffs sought to obtain insurance coverage from PMI's insurer, RLI Insurance Company (hereinafter RLI), contending that they were additional insureds under the policy. RLI denied coverage.
Soon thereafter, the plaintiffs commenced the instant action against RLI and others, inter alia, for a judgment declaring that RLI is required to defend and indemnify them as additional insureds in the underlying action. The underlying action was settled for $2,675,000. In the instant action, the plaintiffs moved for summary judgment declaring that RLI is required to defend and indemnify them as additional insureds in the underlying action, and RLI cross-moved for summary judgment dismissing the complaint insofar as asserted against it and declaring that it is not obligated to defend or indemnify the plaintiffs as additional insureds in the underlying action.
In an order entered July 17, 2018, the Supreme Court granted RLI's cross motion and denied the plaintiffs' motion, concluding that the plaintiffs were not additional insureds under the RLI policy since they were not named as additional insureds on the policy and they were not entitled to coverage under the additional insured endorsement since there was no written contract between the plaintiffs and PMI. The court subsequently issued a judgment, inter alia, dismissing the complaint insofar as asserted against RLI. The plaintiffs appeal from the order entered July 17, 2018, and from the judgment.
Fireman's Fund Insurance Company (hereinafter Fireman's Fund), which had issued an excess liability policy to the plaintiffs and paid a portion of the settlement, was granted leave to intervene in the instant action. Fireman's Fund moved, inter alia, for summary judgment declaring that the plaintiffs were additional insureds under the RLI policy and that its policy was excess to all the other issued policies. The plaintiffs cross-moved, among other things, for summary judgment declaring that the policy issued by Fireman's Fund was excess to the policy held by RLI but primary to a policy issued to the plaintiffs by Safety National Casualty Corp. (hereinafter SNCC).
In an order entered November 28, 2018, the Supreme Court deemed Fireman's Fund's motion to be for leave to renew with respect the prior determination in the order entered July 17, 2018, that the plaintiffs were not additional insureds under the RLI policy. The court then denied renewal. The court also denied that branch of the plaintiffs' cross motion which was for summary judgment declaring that the Fireman's Fund policy was primary to the policy issued by SNCC. The plaintiffs appeal, and Fireman's Fund cross-appeals, from this order.
The plaintiffs moved, in effect, for leave to renew and reargue their prior motion for summary judgment against RLI. In an order entered November 28, 2018, the Supreme Court denied that motion. The plaintiffs appeal.
The appeal from the order entered July 17, 2018, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment dated August 9, 2018 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The Supreme Court correctly determined that the plaintiffs were not additional insureds on the RLI policy. The policy contained an additional insured endorsement, which added to the insured persons covered under the subject policy "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy."
"'The four corners of an insurance agreement govern who is covered and the extent of coverage'" (Nationwide Mut. Fire Ins. Co. v Oster, 193 AD3d 951, 954, quoting Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857 [internal quotation marks omitted]; see Sixty Sutton Corp. v Illinois Union Ins. Co., 34 AD3d 386, 388). "Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent" (Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d at 857; see Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 33, affd 49 NY2d 924). "It is well settled that whether a third party is an additional insured under a policy is determined 'from the intention of the parties to the policy, as determined from the four corners of the policy itself'" (140 Broadway Prop. v Schindler El. Co., 73 AD3d 717, 718, quoting I.S.A. In N.J. v Effective Sec. Sys., 138 AD2d 681, 682; see Binasco v Break-Away Demolition Corp., 256 AD2d 291, 292).
Here, as noted, the additional insured endorsement of the RLI policy afforded coverage to parties that PMI agreed in writing in a contract or agreement to add as an additional insured on the policy. There was no written contract or agreement between the plaintiffs and PMI containing any requirement that PMI name the plaintiffs as additional insureds under the RLI policy. Therefore, RLI demonstrated its prima facie entitlement to judgment as a matter of law based upon its submissions (see Yonkers Lodging Partners, LLC v Selective Ins. Co. of Am., 158 AD3d 732, 735).
In opposition, and in support of their motion for summary judgment, the plaintiffs failed to establish the existence of such contract or agreement, or to raise a triable issue of fact. The certificate of insurance proffered in opposition, listing the plaintiffs as additional insureds under the subject policy, was insufficient to alter the language of the policy itself, especially since the certificate recited that it was for informational purposes only, that it conferred no rights upon the holder, and that it did not amend, alter, or extend the coverage afforded by the policy (see Harco Constr., LLC v First Mercury Ins. Co., 148 AD3d 870, 872; Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d at 857; School Constr. Consultants, Inc. v ARA Plumbing & Heating Corp., 63 AD3d 1029; Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co., 55 AD3d 671, 673). Moreover, the Supreme Court correctly determined that PMI's vendor profile on ServiceChannel/ FixxBook and Chipotle's vendor bulletin, which indicate that the client is typically listed as an additional insured, do not constitute agreements or contracts between Chipotle and PMI to name Chipotle as an additional insured.
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment declaring that RLI is obligated to defend and indemnify them as additional insureds in the underlying action. However, rather than granting RLI's cross motion for summary judgment dismissing the complaint insofar as asserted against it, the court should have denied the cross motion with respect to the cause of action for a declaratory judgment, and instead should have declared that RLI is not obligated to defend or indemnify the plaintiffs as additional insureds in the underlying action (see Kirrane v Dunolly Gardens Owners Corp., 171 AD3d 1151, 1152). Since the court did not do so, we modify the judgment accordingly.
The parties' remaining contentions are without merit.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court