Arch Specialty Ins. Co. v RLI Ins. Co. (2022 NY Slip Op 05825)

Arch Specialty Ins. Co. v RLI Ins. Co.

2022 NY Slip Op 05825

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-03507
2019-05284
 (Index No. 714076/17)

[*1]Arch Specialty Insurance Company, appellant,
v
RLI Insurance Company, respondent.

Goldberg Segalla LLP, Buffalo, NY (Jonathan Schapp and Adam R. Durst of counsel), for appellant.
Ford Marrin Esposito Witmeyer & Gleser, LLP, New York, NY (Joseph D'Ambrosio of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify nonparty Triangle Court, LLC, in an underlying consolidated action entitled Portillo v Triangle Court, LLC, pending in the Supreme Court, Queens County, under Index No. 10458/13, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered January 18, 2019, and (2) an order and judgment (one paper) of the same court entered March 14, 2019. The order denied the plaintiff's motion for summary judgment declaring that the defendant is obligated to defend nonparty Triangle Court, LLC, in the underlying consolidated action. The order and judgment, insofar as appealed from, granted the defendant's cross motion, in effect, for summary judgment declaring that the defendant is not obligated to defend or indemnify nonparty Triangle Court, LLC, in the underlying consolidated action, and declared that the defendant is not so obligated.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from; and it is further;
ORDERED that one bill of costs is awarded to the defendant.
Nonparty Luis A. Portillo allegedly was injured while working on a project at premises leased by nonparty Triangle Court, LLC (hereinafter Triangle Court). Nonparty JKT Construction, Inc. (hereinafter JKT), served as the general contractor on the project. Portillo commenced actions to recover damages for personal injuries against, among others, Triangle Court, which were later consolidated (hereinafter the underlying consolidated action). At the time of the accident, Triangle Court had a commercial general liability insurance policy in effect with the plaintiff, Arch Specialty Insurance Company (hereinafter Arch), and JKT had a commercial general liability insurance policy in effect with the defendant, RLI Insurance Company (hereinafter RLI). JKT's commercial general liability insurance policy with RLI (hereinafter the RLI policy) contained [*2]an endorsement entitled "Additional Insureds — Owners, Lessees or Contractors" which included as an additional insured "the person or organization shown in the Schedule." The endorsement's schedule listed only "Owners where required by written contract, signed prior to a loss."
Arch, on behalf of Triangle Court, tendered to RLI a claim for a defense and indemnification in the underlying consolidated action on the ground that Triangle Court was an additional insured under the RLI policy, but RLI denied Arch's tender on the ground that Triangle Court was not the owner of the property where the accident occurred. Thereafter, Arch commenced this action seeking, among other things, a judgment declaring that RLI is obligated to defend and indemnify Triangle Court in the underlying consolidated action. Arch moved for summary judgment declaring that RLI is obligated to defend Triangle Court in the underlying consolidated action. In an order entered January 18, 2019, the Supreme Court denied Arch's motion. Arch moved for leave to reargue its prior motion, and RLI cross-moved, in effect, for summary judgment declaring that it is not obligated to defend or indemnify Triangle Court in the underlying consolidated action. In an order and judgment entered March 14, 2019, the court, inter alia, granted RLI 's cross motion and declared that RLI is not obligated to defend or indemnify Triangle Court in the underlying consolidated action. Arch appeals.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The Supreme Court correctly determined that Triangle Court was not an additional insured under the RLI policy. "It is well settled that whether a third party is an additional insured under a policy is determined 'from the intention of the parties to the policy, as determined from the four corners of the policy itself'" (140 Broadway Prop. v Schindler El. Co., 73 AD3d 717, 718, quoting I.S.A. In N.J. v Effective Sec. Sys., 138 AD2d 681, 682; see Chipotle Mexican Grill, Inc. v RLI Ins. Co., 199 AD3d 979; Nationwide Mut. Fire Ins. Co. v Oster, 193 AD3d 951). "Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent" (Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857; see Chipotle Mexican Grill, Inc. v RLI Ins. Co., 199 AD3d at 979). "A party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought" (Vikram Constr., Inc. v Everest Natl. Ins. Co., 139 AD3d 720, 721; see York Restoration Corp. v Solty's Constr., Inc., 79 AD3d 861, 862). "As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (Pham Tran v Utica First Ins. Co., 181 AD3d 839, 841 [internal quotation marks omitted]). "[T]he plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (Edward Horton Bldrs., Inc. v Arch Specialty Ins. Co., 189 AD3d 998, 999 [internal quotation marks omitted]).
Here, RLI established its prima facie entitlement to judgment as a matter of law. The additional insured endorsement on the RLI policy expressly limited additional insureds to "Owners where required by written contract." Contrary to Arch's contention, the term "Owner" is unambiguous and must therefore be interpreted in accordance with its plain and ordinary meaning, which excludes by omission lessees (see Pham Tran v Utica First Ins. Co., 181 AD3d 839). Triangle Court, as a lessee of the premises where the accident occurred and not actually an owner, is therefore not an additional insured under the RLI policy.
In opposition, Arch failed to raise a triable issue of fact (see Chipotle Mexican Grill, Inc. v RLI Ins. Co., 199 AD3d 979). Accordingly, the Supreme Court correctly granted RLI's cross motion, in effect, for summary judgment declaring that RLI is not obligated to defend or indemnify Triangle Court in the underlying consolidated action.
Arch's remaining contentions need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court