Town of Brookhaven v New York Mun. Ins. Reciprocal (2024 NY Slip Op 03450)

Town of Brookhaven v New York Mun. Ins. Reciprocal

2024 NY Slip Op 03450

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-09144
 (Index No. 601165/21)

[*1]Town of Brookhaven, appellant, 
v
New York Municipal Insurance Reciprocal, et al., respondents, et al., defendant.

Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Maria Massucci of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondents.

DECISION & ORDER
In an action for a judgment declaring that the plaintiff is an insured under insurance policy number MPLVMAS001 issued by the defendant New York Municipal Insurance Reciprocal to the Incorporated Village of Mastic Beach and that the defendants New York Municipal Insurance Reciprocal and Wright Risk Management are obligated to defend and indemnify the plaintiff in underlying actions entitled Young v Town of Brookhaven, pending in the Supreme Court, Suffolk County, under Index Numbers 606461/18 and 623726/18, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Kathy G. Bergmann, J.), dated October 6, 2022. The order, in effect, denied the plaintiff's motion for summary judgment on the complaint, and granted the cross-motion of the defendants New York Municipal Insurance Reciprocal and Wright Risk Management for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment declaring that the plaintiff is not an insured under insurance policy number MPLVMAS001 issued by the defendant New York Municipal Insurance Reciprocal to the Incorporated Village of Mastic Beach and that the defendants New York Municipal Insurance Reciprocal and Wright Risk Management are not obligated to defend and indemnify the plaintiff in underlying actions entitled Young v Town of Brookhaven, pending in the Supreme Court, Suffolk County, under Index Numbers 606461/18 and 623726/18.
The plaintiff commenced this action for a judgment declaring that it is an insured under insurance policy number MPLVMAS001 issued by the defendant New York Municipal Insurance Reciprocal (hereinafter NYMIR) to the Incorporated Village of Mastic Beach and that NYMIR and the defendant Wright Risk Management (hereinafter WRM) are obligated to defend and indemnify the plaintiff in regard to personal injury claims originally made against the Village but subsequently asserted against the plaintiff due to the Village's dissolution in underlying actions entitled Young v Town of Brookhaven, pending in the Supreme Court, Suffolk County, under Index Numbers 606461/18 and 623726/18. The plaintiff asserted that pursuant to General Municipal Law § 790, upon the Village's dissolution, the plaintiff had assumed the Village's debts, liabilities, and obligations and that the plaintiff became entitled to various rights held by the Village, including [*2]entitlement to the insurance coverage provided by the policy issued by NYMIR to the Village. The plaintiff also maintained that the subject insurance rights were transferred to it pursuant to certain resolutions adopted by the plaintiff in connection with the Village's dissolution. However, the insurance policy included a provision requiring written permission from NYMIR to transfer any such rights under the policy. The plaintiff moved for summary judgment on the complaint. NYMIR and WRM (hereinafter together the moving defendants), NYMIR's contract manager that provided insurance services for NYMIR, cross-moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated October 6, 2022, the Supreme Court, in effect, denied the plaintiff's motion, and granted the moving defendants' cross-motion. The plaintiff appeals.
"The party claiming insurance coverage bears the burden of proving entitlement" (New York State Thruway Auth. v Ketco, Inc., 119 AD3d 659, 661; see National Abatement Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 33 AD3d 570, 571). "However, a party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought" (New York State Thruway Auth. v Ketco, Inc., 119 AD3d at 661; see Essex Ins. Co. v Michael Cunningham Carpentry, 74 AD3d 733, 733). "[W]hether a third party is an additional insured under a policy is determined from the intention of the parties to the policy, as determined from the four corners of the policy itself" (Arch Specialty Ins. Co. v RLI Ins. Co., 209 AD3d 812, 814 [internal quotation marks omitted]; see Chipotle Mexican Grill, Inc. v RLI Ins. Co., 199 AD3d 979, 983). "'Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent'" (Arch Specialty Ins. Co. v RLI Ins. Co., 209 AD3d at 814, quoting Hargob Realty Assoc., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857).
Here, the plaintiff failed to meet its prima facie burden of demonstrating as a matter of law that it was either an insured or additional insured under the policy. It is undisputed that the policy was issued to the Village and did not name the plaintiff as an insured or additional insured and that NYMIR's written consent to transfer the rights under the policy to the plaintiff was never obtained. Further, contrary to the plaintiff's contentions, the plaintiff did not automatically obtain the rights under the policy pursuant to General Municipal Law § 790 or pursuant to certain Town of Brookhaven resolutions dated October 26, 2017. Accordingly, the plaintiff's motion was properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
The moving defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that NYMIR never consented to a transfer of rights under the policy from the Village to the plaintiff as required by the explicit terms of the policy (see Zuckerman v City of New York, 49 NY2d 557). Moreover, contrary to the plaintiff's contention, the rights under the policy did not automatically vest in the plaintiff by operation of law. The moving defendants also demonstrated, prima facie, that summary judgment dismissing the complaint insofar as asserted against WRM was proper because WRM was not an insurer under the policy and it did not issue the policy (see id.). In opposition to the moving defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (see id.). Accordingly, the Supreme Court properly granted the moving defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for entry of a judgment declaring that the plaintiff is not an insured under insurance policy number MPLVMAS001 issued by NYMIR to the Village and that the moving defendants are not obligated to defend and indemnify the plaintiff in underlying actions entitled Young v Town of Brookhaven, pending in the Supreme Court, Suffolk County, under Index Numbers 606461/18 and 623726/18 (see Lanza v Wagner, 11 NY2d 317).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court