Ocasio v Metro Myrtle Ave., LLC (2025 NY Slip Op 05814)

Ocasio v Metro Myrtle Ave., LLC

2025 NY Slip Op 05814

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-03695
 (Index No. 504436/20)

[*1]Candida Ocasio, plaintiff, 
v
Metro Myrtle Avenue, LLC, et al., defendants third-party plaintiffs-appellants, et al., defendant; Myrtle #2, LLC, et al., third-party defendants, AmGUARD Insurance Company, third-party defendant-respondent.

Manson & McCarthy (Strikowsky Drachman & Shapiro, PLLC, New York, NY [Sim R. Shapiro], of counsel), for defendants third-party plaintiffs-appellants.
Lazare Potter Giacovas & Moyle LLP, New York, NY (Yale Glazer of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and a third-party action, inter alia, for declaratory relief, the defendants third-party plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Katherine A. Levine, J.), dated February 23, 2023. The order and judgment granted the motion of the third-party defendant AmGUARD Insurance Company for summary judgment dismissing the third-party complaint insofar as asserted against it and declaring that it has no obligation to defend or indemnify the defendants third-party plaintiffs in the main action, and declared that the third-party defendant AmGUARD Insurance Company has no obligation to defend or indemnify the defendants third-party plaintiffs in the main action.
ORDERED that the order and judgment is affirmed, with costs.
In February 2020, the plaintiff commenced an action (hereinafter the main action) to recover damages for personal injuries she alleged she sustained in November 2019 when she tripped and fell on a sidewalk in front of premises owned by the defendants third-party plaintiffs Metro Myrtle Avenue, LLC (hereinafter Metro), and Albert Bialek Associates, Inc. (hereinafter Albert). In March 2021, Metro and Albert commenced a third-party action, inter alia, for declaratory relief against, among others, the third-party defendant AmGUARD Insurance Company (hereinafter AmGUARD), alleging that AmGUARD was obligated to defend and indemnify them in the main action as additional insureds under a policy of insurance issued to the tenants of the subject premises. Subsequently, AmGUARD moved for summary judgment dismissing the third-party complaint insofar as asserted against it and declaring that it has no duty to defend or indemnify Metro and Albert in the main action. In an order and judgment dated February 23, 2023, the Supreme Court granted AmGUARD's motion and declared that AmGUARD has no obligation to defend or indemnify Metro and Albert in the main action. Metro and Albert appeal.
"The party claiming insurance coverage bears the burden of proving entitlement" [*2](New York State Thruway Auth. v Ketco, Inc., 119 AD3d 659, 661; see Town of Brookhaven v New York Mun. Ins. Reciprocal, 228 AD3d 901, 902). "Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent" (Hargob Realty Assocs., Inc. v Fireman's Fund Ins. Co., 73 AD3d 856, 857; see Arch Specialty Ins. Co. v RLI Ins. Co., 209 AD3d 812, 814). "[A] party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought" (Town of Brookhaven v New York Mun. Ins. Reciprocal, 228 AD3d at 902 [internal quotation marks omitted]; see Arch Specialty Ins. Co. v RLI Ins. Co., 209 AD3d at 814). "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court" (Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 682 [internal quotation marks omitted]; see Capek v Allstate Indem. Co., 138 AD3d 666, 667).
Here, AmGUARD established, prima facie, that neither Metro nor Albert was an insured or additional insured under the insurance policy at issue (see Town of Brookhaven v New York Mun. Ins. Reciprocal, 228 AD3d at 903; New York City Hous. Auth. v Harleysville Worcester Ins. Co., 226 AD3d 804, 806-807). In opposition, Metro and Albert failed to raise a triable issue of fact (see New York City Hous. Auth. v Harleysville Worcester Ins. Co., 226 AD3d at 807).
Contrary to the contention of Metro and Albert, AmGUARD's motion was not premature. "A party contending that a motion for summary judgment is premature is required to demonstrate that additional discovery might lead to relevant evidence or that the facts essential to oppose the motion are exclusively within the knowledge and control of the movant" (Reynolds v Avon Grove Props., 129 AD3d 932, 933; see CPLR 3212[f]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518 [internal quotation marks omitted]; see Carmona v Preston, 231 AD3d 702, 703). Here, Metro and Albert failed to demonstrate that additional discovery might lead to relevant evidence or that facts essential to oppose the motion were exclusively within AmGUARD's knowledge and control (see Umanskaya v 4050 Nostrand Ave. Condominium, 173 AD3d 812, 813).
Accordingly, the Supreme Court properly granted AmGUARD's motion for summary judgment dismissing the third-party complaint insofar as asserted against it and declaring that AmGUARD has no obligation to defend or indemnify Metro and Albert in the main action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court