Chateau GC, LLC v National Union Fire Ins. Co. of Pittsburgh, PA
2026 NY Slip Op 02961
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Chateau GC, LLC, et al., appellants,
v
National Union Fire Insurance Company of Pittsburgh, PA, respondent, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-07363, (Index No. 606932/23)
Mark C. Dillon, J.P.
William G. Ford
Deborah A. Dowling
Susan Quirk, JJ.

Hurwitz Fine P.C., Buffalo, NY (Dan D. Kohane and Evan D. Gestwick of counsel), for appellants.
Riker Danzig LLP, New York, NY (Michael J. Rossignol of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff Chateau GC, LLC, is an insured under an insurance policy issued by the defendant National Union Fire Insurance Company of Pittsburgh, PA, to Alpha/Omega Building Corp. and that the defendant National Union Fire Insurance Company of Pittsburgh, PA, is obligated to defend and indemnify the plaintiff Chateau GC, LLC, in an underlying action entitled Zambuto v Rockaway Seagirt Housing Development Fund Corp., pending in the Supreme Court, Bronx County, under Index Number 21247/19, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated April 16, 2024. The order granted the motion of the defendant National Union Fire Insurance Company of Pittsburgh, PA, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and for a judgment declaring that the plaintiff Chateau GC, LLC, is not an insured under the insurance policy issued by the defendant National Union Fire Insurance Company of Pittsburgh, PA, to Alpha/Omega Building Corp. and that the defendant National Union Fire Insurance Company of Pittsburgh, PA, is not obligated to defend and indemnify the plaintiff Chateau GC, LLC, in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff Chateau GC, LLC, is not an insured under the insurance policy issued by the defendant National Union Fire Insurance Company of Pittsburgh, PA, to Alpha/Omega Building Corp. and that the defendant National Union Fire Insurance Company of Pittsburgh, PA, is not obligated to defend and indemnify the plaintiff Chateau GC, LLC, in an underlying action entitled Zambuto v Rockaway Seagirt Housing Development Fund Corp., pending in the Supreme Court, Bronx County, under Index Number 21247/19.
The plaintiffs, Chateau GC, LLC (hereinafter Chateau), and Houston Casualty Company, commenced this action, inter alia, for a judgment declaring that Chateau is an insured under a certain insurance policy (hereinafter the subject policy) issued by the defendant National Union Fire Insurance Company of Pittsburgh, PA (hereinafter National Union), to Alpha/Omega Building Corp. (hereinafter Alpha) and that National Union is obligated to defend and indemnify Chateau in an action entitled Zambuto v Rockaway Seagirt Housing Development Fund Corp., [*2]pending in the Supreme Court, Bronx County, under Index Number 21247/19 (hereinafter the underlying action). The plaintiff in the underlying action alleged that he was injured while working for Alpha on a construction project where Chateau was the general contractor. National Union moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and for a judgment declaring that Chateau is not an insured under the subject policy and that National Union is not obligated to defend and indemnify Chateau in the underlying action. The plaintiffs opposed the motion. In an order dated April 16, 2024, the Supreme Court granted the motion. The plaintiffs appeal.
"The party claiming insurance coverage bears the burden of proving entitlement. However, a party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought" (Town of Brookhaven v New York Mun. Ins. Reciprocal, 228 AD3d 901, 902 [citations and internal quotation marks omitted]; see New York State Thruway Auth. v Ketco, Inc., 119 AD3d 659, 661). "[W]hether a third party is an additional insured under a policy is determined from the intention of the parties to the policy, as determined from the four corners of the policy itself. Where a third party seeks the benefit of coverage, the terms of the policy must clearly evince such intent" (Town of Brookhaven v New York Mun. Ins. Reciprocal, 228 AD3d at 902-903 [citations and internal quotation marks omitted]; see Arch Specialty Ins. Co. v RLI Ins. Co., 209 AD3d 812, 814).
Here, the Supreme Court properly determined that Chateau is not covered by the subject policy (see Hanover Ins. Co. v Catlin Specialty Ins. Co., 218 AD3d 754, 755; Harleysville Preferred Ins. Co. v Van Dyke, 2025 WL 2773100, *6, 2025 US Dist LEXIS, *17 [SD NY, No. 23-cv-06183 (NSR)]). Accordingly, the court properly granted National Union's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it and for a judgment declaring that Chateau is not an insured under the subject policy and that National Union is not obligated to defend and indemnify Chateau in the underlying action.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, among other things, declaring that Chateau is not an insured under the subject policy and that National Union is not obligated to defend and indemnify Chateau in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court